UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CASE NO.:

LAUREN N. ROSIER, an individual, on
behalf of herself and all others similarly
situated,

    Plaintiff,

vs.                                                                     CLASS ACTION

PERFORMANT RECOVERY, INC.,
a California corporation, formerly known
as "Diversified Collection Services, Inc.,"

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF**

Plaintiff, Lauren N. Rosier, an individual, on behalf of herself and all others similarly situated, sues Defendant, Performant Recovery, Inc., a California corporation, formerly known as "Diversified Collection Services, Inc.," and alleges:

**I.   PRELIMINARY STATEMENT**

1. This is an action brought pursuant to 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II.   JURISDICTION**

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1331.

3. This Court has jurisdiction over the Defendant and venue in this Court is proper

as the acts complained of occurred in this state and because the Plaintiff is a resident of Maryland.

### III.   ALLEGATIONS AS TO PARTIES

4.      Plaintiff, Lauren N. Rosier ("Ms. Rosier"), is *sui juris* and a resident of Baltimore, Maryland.

5.      At all times material hereto, Defendant, Performant Recovery, Inc. ("Performant Recovery"), was a California corporation engaged in the collection of consumer debts.

6.      Performant Recovery is properly subject to jurisdiction in the State of Maryland pursuant to the Maryland Long Arm Jurisdiction Statute as a result of the performance of acts causing injury to persons within the State of Maryland.

### IV.   FACTUAL ALLEGATIONS

7.      Several years prior to the filing of the instant action, Ms. Rosier obtained student loans from Chase Bank, N.A. ("Chase") and RBS Citizens, N.A. ("RBS Citizens") ("Rosier Student Loans").

8.      The Rosier Student Loans were subsequently assigned to Performant Recovery for collection.

9.      On or about February 7, 2014, Performant Recovery sent or caused to be sent to Ms. Rosier a collection letter known more commonly in the collection industry as a "dunning letter" for the purpose of collecting the Rosier Student Loans ("Student Loan Collection Letter").

10.     A true and correct copy of the Student Loan Collection Letter is attached hereto and incorporated herein by reference as Exhibit "A."

11.     Pursuant to the Student Loan Collection Letter, Performant Recovery informed

Ms. Rosier that Performant Recovery was attempting to collect on the Rosier Student Loans.

12. The Student Loan Collection Letter further stated that the "original creditor" for the Rosier Student Loans was "National Collegiate Trust" ("Original Creditor Representation").

13. Contrary to the Original Creditor Representation, the "original creditor" for the Rosier Student Loans was not "National Collegiate Trust" but rather Chase and RBS Citizens.

## V.   PRACTICES OF DEFENDANT

14. It is or was the policy and practice of Defendant to send collection letters in the form or substantially similar form of Exhibit "A" to consumer in a manner which falsely represented the identity of the original creditor of defaulted student loan obligations in contravention of 15 U.S.C. §1692e and e(10).

15. It is or was the policy and practice of Defendant to send collection letters in the form or substantially similar form of Exhibit "A" to consumers in a manner which was reasonably calculated to confuse or frustrate consumers with respect to advising consumers of their right to obtain the name and address of the original creditor of defaulted student loan obligations in contravention of 15 U.S.C. §1692g(a)(5).

## VI.  CLASS ALLEGATIONS

16. Ms. Rosier brings this action as a class action.

17. This action is brought on behalf of a class of consumers consisting of (i) all persons with addresses in the State of Maryland (ii) to whom letters in the same or substantially similar form as Exhibit "A" were sent (iii) in an attempt collect a debt which, according to the nature of the creditor or the debt, or from the records of the creditor or the Defendant, was incurred for personal, family or household purposes; (iv) which arose from a student loan

agreement, and (v) which were not returned undelivered by the U.S. Post Office (vi) during the one year period prior to the filing of the Complaint in this action.

18.     The Class is comprised of individuals who are similarly situated to the Plaintiff to whom, within one year of the commencement of this action, Performant Recovery sent to such individuals a collection communication in the same or substantially similar form as the Student Loan Collection Letter described above.

19.     The proposed Class is so numerous that joinder of all members would be impracticable. Plaintiff does not know the size of the proposed Class, although this information is known by Performant Recovery and is readily ascertainable in discovery. Based upon information readily available concerning Performant Recovery, the size of its operation, and its specialization in the collection of student loans, Plaintiff estimates and accordingly alleges that there are thousands of individuals in the classes.

20.     There is a community of interest among the members of the proposed Class in that there are questions of law and fact common to the proposed classes that predominate over questions affecting only individual members.

21.     Plaintiff's claims are typical of those of the members of proposed Class she seeks to represent.

22.     Plaintiff is represented by counsel competent and experienced in both consumer protection and class action litigation.

23.     The common questions of law and fact predominate over any individual questions, in that the Student Loan Collection Letter is a form document, and any individual questions are subordinate to the common questions of whether Performant Recovery violated the

FDCPA by misrepresenting the name of the original creditor of defaulted student loans.

24. A class action is superior to other methods for the fair and efficient adjudication of the controversy. Because the damages suffered by individual class members are relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible or likely, would create a risk of inconsistent or varying adjudications with respect to the claims asserted by individual class members and could create incompatible standards of conduct for Performant. Moreover, because most class members are unaware of the right to make nine payments within ten months to qualify for rehabilitation, they are unlikely to bring an independent action, and a class action is the only way that these violations can be rectified.

## VII.  CLAIM FOR RELIEF

25. Ms. Rosier realleges and reaffirms the allegations contained in Paragraphs 1 through 24 above as if set forth hereat in full.

26. At all times material hereto, Ms. Rosier was a "consumer" as said term is defined 15 U.S.C. §1692a(3).

27. At all times material hereto, any monies purportedly owed for defaulted student loan obligations constituted a "debt" as said term is defined 15 U.S.C. §1692a(5).

28. At all times material hereto, Performant Recovery was a "debt collector" as said term is defined 15 U.S.C. §1692a(6).

29. Performant Recovery violated the FDCPA by:

    (a) falsely representing the name of the original creditor for the defaulted

    student loan obligations in contravention of 15 U.S.C. §1692e and e(10); and

 (b)  by providing a defective and confusing disclosure of the consumer's right to obtain the name and address of the original creditor of the defaulted student loan obligations in contravention of 15 U.S.C.§1692g(a)(5).

30. Pursuant to 15 U.S.C. §1692k, Performant Recovery is liable to Plaintiff and the Class Members to whom it sent the Student Loan Collection Letter.

31. As a result of Performant Recovery's conduct, Plaintiff and the Class Members are entitled to an award of statutory damages pursuant to 15 U.S.C. §1692k.

32. Plaintiff and the Class Members are entitled to an award of costs and attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff, Lauren N. Rosier, an individual, requests judgment be entered in her favor and in favor of the class against Defendant, Performant Recovery, Inc., a California corporation, formerly known as "Diversified Collection Services, Inc.," for:

 A.  Declaratory judgment that the above-described conduct of Defendant violates the Fair Debt Collection Practices Act;

 B.  Statutory damages pursuant to 15 U.S.C. §1692k;

 C.  An award of costs and attorneys' fees pursuant to 15 U.S.C. §1692k; and

 D.  Such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Lauren N. Rosier, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

    /s/ Jane Santoni
JANE SANTONI, ESQUIRE
Williams & Santoni LLP
401 Washington Avenue, Ste. 200
Towson, Maryland 21204
(410) 938-8666 Telephone
(410) 938-8668 Telecopier
jane@williams-santonilaw.com
Counsel for Plaintiff

ROBERT W. MURPHY
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telecopier
rwmurphy@lawfirmmurphy.com and
rphyu@aol.com
Co-Counsel for Plaintiff
*to be admitted pro hac vice*