UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CASE NO. 1:14-CV-01126-JMC

LAUREN N. ROSIER, an individual, on
behalf of herself and all others similarly
situated,

       Plaintiff,

vs.                            **CLASS ACTION**

PERFORMANT RECOVERY, INC.,
a California corporation, formerly known
as "Diversified Collection Services, Inc.,"

       Defendant.
_____/

## FINAL APPROVAL ORDER

This matter comes before the Court on the joint request of Plaintiff Lauren N. Rosier and a class of Persons similarly situated (collectively, "Plaintiffs" or "Class Members") and Defendant Performant Recovery, Inc. for final approval of the Class Action Settlement Agreement ("the Agreement"). Based upon the submissions in support of final approval, the Court finds that:

    A.    The total number of Class Members is approximately 169.

    B.    After updating addresses for the Class Members, notice was sent by first class mail to 169 persons at their last known mailing address.

    C.    The United States Postal Service returned 16 Notices to the Settlement Administrator, First Class, Inc., as undeliverable.

    D.    There are no pending objections to the Settlement.

E.  No class members chose to opt-out of the Settlement.

F.  Each Class Member who has not opted out will receive a Settlement Check in the sum of one hundred thirty-seven dollars and fifty cents ($137.50).

The Court being duly advised, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. <u>Definitions</u>.  For the purposes of this Final Order of Dismissal (the "Final Order"), the Court adopts by reference the definitions set forth in the Definitions section of the Agreement dated and attached as Exhibit "A" to the Parties' Joint Motion for Preliminary Approval.

2. <u>Notice</u>.  The Court finds that the distribution of the Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances to all Class Members within the definition of the Class, and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

3. <u>Final Approval</u>.  The Court finds that the Settlement is fair, reasonable, and adequate, and accordingly, the Court approves the Class as certified for settlement purposes and approves the Settlement, directing that the parties implement it, as follows:

   A.  The parties are directed to implement the settlement in accordance with its terms.  Payment of five thousand dollars and zero cents ($5,000.00) shall be made to Lauren N. Rosier, the Class Representative.  Payment of the Settlement Checks is to be made to all participating Class Members and any funds unclaimed within ninety (90) days after funds have been sent must be paid over as a *cy pres* award to Civil Justice, Inc.

  B. Except as to any individual claim of those Class Members who have timely and effectively requested exclusion from the Class under the Agreement, the Court hereby dismisses with prejudice the Action, all claims contained therein, and all Released Claims against the Settling Parties.

  C. The parties are to bear their own costs, except as otherwise provided in the Agreement.

  D. Upon the Final Approval of the Agreement, the Class Representative and all Class Members who have not timely and effectively requested exclusion from the Class, shall be deemed to have and by operation of law shall have, fully, finally and forever released and discharged the Settling Parties from the Released Claims, as defined in Paragraph 32 of the Agreement.  Further, the Class Representative and all Class Members (and the successors and assigns of any of them) who have not timely and effectively requested exclusion from the Class, are hereby permanently barred and enjoined from instituting or prosecuting as against the Settling Parties, either directly or indirectly or in any other capacity, any and all claims that were or could have been asserted in the present action, or any other action or proceeding, that relate to the attempts of the Settling Parties to collect debts from the Class Representative or Class Members during the one year time period prior to the filing of the Complaint in the instant action to the date of preliminary approval.

  E. Nothing herein shall alter, amend, or terminate the right of Defendant and its clients to collect any balance (including, but not limited to, principal, interest, attorney's fees, and other costs and charges) allegedly owed by any Class Member, for any debt.  Nothing herein shall otherwise release or discharge (1) any legally enforceable claim which Defendant and its clients may have against any Class Member or any other person or entity, or (2) any legally

enforceable lien which Defendant and its clients may have against any Class Member or any other person or entity. Nothing herein shall otherwise void or abrogate the contractual obligations of any Class Member nor impair or limit any right or cause of action by the Class Representative or the Class to dispute the underlying debt or amount owed to Defendant or any other person or entity.

4. <u>Injunction</u>. The Court bars and permanently enjoins all Class Members, except those who timely and effectively requested exclusion from the Settlement, from instituting or prosecuting any action or proceeding, whether class or individual, against Defendant for liability in any way related to, arising out of, or based upon the Released Claims.

5. <u>Defendant's Denial of Liability</u>. Defendant denies any liability to Plaintiff or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendant considers it desirable that the Action be dismissed and that the claims against Defendant be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendant arising from the acts, transactions, or occurrences alleged in the Action.

6. <u>Jurisdiction</u>. The Court finds that it has jurisdiction over the subject matter of the Action, the Class Representative, the other Class Members, and Defendant. Without affecting the finality of the Judgment, the Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Agreement or Final Order.

7. <u>Attorney's Fees</u>.  After reviewing Class Counsel's application for attorney's fees in support of final approval, the Court awards to Class Counsel Attorneys Fees and costs in the total amount of $45,000.00 as agreed to by the Parties.

8. <u>Timing of Payments or Consideration</u>.  No later than thirty (30) days after the Final Order becomes final as defined by Paragraph 14 of the Class Action Settlement Agreement and Release, settlement checks shall be distributed to all Class Members.

ORDERED this  29th day of  May , 2015.

/s/
J. MARK COULSON
UNITED STATES MAGISTRATE JUDGE


Copies furnished counsel